OCT 28 2025 PM5:09
FILED-USDC-CT-NEW HAVEN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY N-24-2

UNITED STATES OF AMERICA

v.

ANTONIO BAEZ, a/k/a "Fat Boy,"
CORY LEWIS, a/k/a "City,"
JAVON HUTLEY, and
ROGER MOODY

CRIMINAL NO. 3:25CR180(OAW) (RAR)

VIOLATIONS:

21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C) and 846 (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

18 U.S.C. §§ 933(a)(1), 933(a)(2), 933(a)(3), and 933(b) (Firearm Trafficking - Conspiracy)

21 U.S.C. §§ 841(a)(1), and 841(b)(1)(C) (Possession with Intent to Distribute and Distribution of Controlled Substances)

18 U.S.C. §§ 933(a)(1) and 933(b) (Firearms Trafficking - Transfer)

18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Unlawful Possession of a Firearm by a Felon)

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances)

1. From in or around June 2025 through on or about October 15, 2025, the exact dates being unknown to the Grand Jury, in the District of Connecticut, the defendants ANTONIO BAEZ, a/k/a "Fat Boy," CORY LEWIS, a/k/a "City," and ROGER MOODY, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire together and with one

another to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that defendants ANTONIO BAEZ, CORY LEWIS, and ROGER MOODY, together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, namely, N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl") and carfentanil, both Schedule II controlled substances, as well as acetyl fentanyl, para-fluorofentanyl, and ortho-methylfentanyl, each a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

SUBSTANCES AND QUANTITIES INVOLVED IN THE CONSPIRACY

3. The defendant ANTONIO BAEZ knew and reasonably should have foreseen from his own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and 10 grams or more of a mixture and substance containing a detectable amount of fentanyl analogue and fentanyl-related substances, including carfentanil, a Schedule II controlled substance, as well as acetyl fentanyl, para-fluorofentanyl, and ortho-methylfentanyl, each a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

4. The defendant CORY LEWIS knew and reasonably should have foreseen from his own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and 10 grams or more of a mixture and substance containing a detectable amount of fentanyl analogue and fentanyl-related substances, including carfentanil, a

Schedule II controlled substance, as well as acetyl fentanyl, para-fluorofentanyl, and ortho-methylfentanyl, each a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vi) and 841(b)(1)(C).

5. The defendant ROGER MOODY knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

COUNT TWO
(Firearm Trafficking - Conspiracy)

6. From at least in or around July 2025 through on or about October 15, 2025, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants ANTONIO BAEZ, CORY LEWIS, and JAVON HUTLEY, and others known and unknown to the Grand Jury, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to traffic in firearms, in violation of Title 18, United States Code, Sections 933(a)(1) and (a)(2).

7. It was a part and an object of the conspiracy that the defendants ANTONIO BAEZ, CORY LEWIS, and JAVON HUTLEY, and others known and unknown to the Grand Jury, would and did ship, transport, transfer, and cause to be transported, and otherwise dispose of one or more firearms to another person in and otherwise affecting interstate and foreign commerce, and did so knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm

by the recipient would constitute a felony, in violation of Title 18, United States Code, Section 933(a)(1).

8. It was further a part and an object of the conspiracy that the defendants ANTONIO BAEZ, CORY LEWIS, and JAVON HUTLEY, and others known and unknown to the Grand Jury, would and did receive from another person one or more firearms in and otherwise affecting interstate and foreign commerce, knowing and having reasonable cause to believe that such receipt would constitute a felony, in violation of Title 18, United States Code, Section 933(a)(2).

All in violation of Title 18, United States Code, Sections 933(a)(3) and 933(b).

COUNT THREE
(Possession with Intent to Distribute and Distribution of Controlled Substances)

9. On or about June 5, 2025, in the District of Connecticut, the defendants ANTONIO BAEZ and CORY LEWIS, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance and ortho-methylfentanyl, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

COUNT FOUR
(Firearms Trafficking - Transfer)

10. On or about July 9, 2025, in the District of Connecticut, the defendant, ANTONIO BAEZ, did ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm, that is, a Ruger, model P89, caliber 9 x 19mm, semi-automatic pistol bearing serial number 310-96153, to another person in the District of Connecticut, in or otherwise affecting interstate or

foreign commerce, and did so knowing and having reasonable cause to believe that the use, carrying, and possession of the firearm by the other person would constitute a felony, as defined in Title 18, United States Code, Section 932(a)(3).

In violation of Title 18, United States Code, Sections 933(a)(1) and 933(b).

COUNT FIVE
(Possession with Intent to Distribute and Distribution of Controlled Substances)

11. On or about July 9, 2025, in the District of Connecticut, the defendants ANTONIO BAEZ and CORY LEWIS, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of fentanyl and carfentanil, both Schedule II controlled substances, as well as acetyl fentanyl and para-fluorofentanyl, both Schedule I controlled substance, and a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, as well as ortho-methylfentanyl, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

COUNT SIX
(Possession with Intent to Distribute and Distribution of Controlled Substances)

12. On or about July 28, 2025, in the District of Connecticut, the defendants ANTONIO BAEZ and CORY LEWIS, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of fentanyl and carfentanil, both Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

COUNT SEVEN
(Firearms Trafficking - Transfer)

13. On or about July 28, 2025, in the District of Connecticut, the defendants, ANTONIO BAEZ and CORY LEWIS, did ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm, that is, a Mossberg, model Patriot, 30-06 caliber bolt action rifle bearing serial number #MPR0486896, to another person in the District of Connecticut, in or otherwise affecting interstate or foreign commerce, and did so knowing and having reasonable cause to believe that the use, carrying, and possession of the firearm by the other person would constitute a felony, as defined in Title 18, United States Code, Section 932(a)(3).

In violation of Title 18, United States Code, Sections 933(a)(1) and 933(b), and Title 18, United States Code, Section 2.

COUNT EIGHT
(Unlawful Possession of a Firearm by a Felon)

14. On or about July 28, 2025, in the District of Connecticut, the defendant, CORY LEWIS, having been, and knowing that he had been, previously convicted in the Superior Court of the State of Connecticut of a crime punishable by imprisonment for a term exceeding one year, specifically:

a. Robbery in the Second Degree, in violation of Connecticut General Statutes § 53a-135 on or about March 16, 2017;

b. Criminal Weapon Possession, in violation of Connecticut General Statutes § 53a-217, on or about September 3, 2014;

c. Possession with Intent to Sell, in violation of Connecticut General Statutes § 21a-278(a), on or about September 3, 2014; and

d. Assaulting Personnel, in violation of Connecticut General Statutes § 53a-167c, on or about April 3, 2008,

did knowingly possess a firearm in and affecting commerce, namely, a Mossberg, model Patriot, 30-06 caliber bolt action rifle bearing serial number #MPR0486896, which had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

COUNT NINE
(Firearms Trafficking - Transfer)

15. On or about July 28, 2025, in the District of Connecticut, the defendants, ANTONIO BAEZ and JAVON HUTLEY, did ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm, that is, a Ruger, model EC9s, 9mm caliber semi-automatic pistol bearing serial number #461-22222, to another person in the District of Connecticut, in or otherwise affecting interstate or foreign commerce, and did so knowing and having reasonable cause to believe that the use, carrying, and possession of the firearm by the other person would constitute a felony, as defined in Title 18, United States Code, Section 932(a)(3).

In violation of Title 18, United States Code, Sections 933(a)(1) and 933(b), and Title 18, United States Code, Section 2.

COUNT TEN
(Unlawful Possession of a Firearm by a Felon)

16. On or about July 28, 2025, in the District of Connecticut, the defendant, JAVON HUTLEY, having been, and knowing that he had been, previously convicted in the Superior Court of the State of Connecticut of a crime punishable by imprisonment for a term exceeding one year, specifically:

a. Escape 1st Degree, in violation of Connecticut General Statutes § 53a-169, on or about September 8, 2023; and

b. Carrying a Pistol without a Permit, in violation of Connecticut General Statutes § 29-35, on or about May 5, 2022,

did knowingly possess a firearm in and affecting commerce, namely, a Ruger, model EC9s, 9mm caliber semi-automatic pistol bearing serial number #461-22222, which had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

COUNT ELEVEN
(Possession with Intent to Distribute and Distribution of Controlled Substances)

17. On or about August 29, 2025, in the District of Connecticut, the defendants ANTONIO BAEZ and ROGER MOODY, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of fentanyl a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

COUNT TWELVE
(Firearms Trafficking - Transfer)

18. On or about September 23, 2025, in the District of Connecticut, the defendants, ANTONIO BAEZ and JAVON HUTLEY, did ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm, that is, a Taurus, model PT 809, 9mm caliber semi-automatic firearm, bearing serial number #TGS03436, to another person in the District of Connecticut, in or otherwise affecting interstate or foreign commerce, and did so knowing and having reasonable cause to believe that the use, carrying, and possession of the firearm by the other person would constitute a felony, as defined in Title 18, United States Code, Section 932(a)(3).

In violation of Title 18, United States Code, Sections 933(a)(1) and 933(b), and Title 18, United States Code, Section 2.

COUNT THIRTEEN
(Unlawful Possession of a Firearm by a Felon)

19. On or about September 23, 2025, in the District of Connecticut, the defendant, JAVON HUTLEY, having been, and knowing that he had been, previously convicted in the Superior Court of the State of Connecticut of a crime punishable by imprisonment for a term exceeding one year, specifically:

a. Escape 1st Degree, in violation of Connecticut General Statutes § 53a-169, on or about September 8, 2023; and

b. Carrying a Pistol without a Permit, in violation of Connecticut General Statutes § 29-35, on or about May 5, 2022,

did knowingly possess a firearm in and affecting commerce, namely, a Taurus, model PT 809, 9mm caliber semi-automatic firearm, bearing serial number #TGS03436, which had been

shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

COUNT FOURTEEN
(Possession with Intent to Distribute and Distribution of Controlled Substances)

20. On or about September 23, 2025, in the District of Connecticut, the defendant, ANTONIO BAEZ, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT FIFTEEN
(Firearms Trafficking - Transfer)

21. On or about October 2, 2025, in the District of Connecticut, the defendants, ANTONIO BAEZ and CORY LEWIS, did ship, transport, transfer, cause to be transported, and otherwise dispose of firearms, that is, a Glock, model 17Gen5, 9mm caliber pistol, bearing serial number #BTNB646, an HS Product, model XD-9, 9mm caliber pistol, bearing serial number #XD949937 and a Taurus, model G3C, 9mm caliber pistol, bearing serial number #ACH171723, to another person in the District of Connecticut, in or otherwise affecting interstate or foreign commerce, and did so knowing and having reasonable cause to believe that the use, carrying, and possession of the firearm by the other person would constitute a felony, as defined in Title 18, United States Code, Section 932(a)(3).

In violation of Title 18, United States Code, Sections 933(a)(1) and 933(b), and Title 18, United States Code, Section 2.

COUNT SIXTEEN
(Unlawful Possession of a Firearm by a Felon)

22. On or about October 15, 2025, in the District of Connecticut, the defendant, CORY LEWIS, having been, and knowing that he had been, previously convicted in the Superior Court of the State of Connecticut of a crime punishable by imprisonment for a term exceeding one year, specifically:

a. Robbery in the Second Degree, in violation of Connecticut General Statutes § 53a-135 on or about March 16, 2017;

b. Criminal Weapon Possession, in violation of Connecticut General Statutes § 53a-217, on or about September 3, 2014;

c. Possession with Intent to Sell, in violation of Connecticut General Statutes § 21a-278(a), on or about September 3, 2014; and

d. Assaulting Personnel, in violation of Connecticut General Statutes § 53a-167c, on or about April 3, 2008,

did knowingly possess a firearm in and affecting commerce, namely, a Smith & Wesson, model 19-6, caliber .357 magnum revolver, bearing serial number BFY3096, which had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

SECTION 851 NOTICE
(Prior Conviction Enhancement)

23. Pursuant to Title 21, United States Code, Sections 841(b)(1)(B) and 851, upon conviction of the offense charged in Count One of this Indictment, the defendant CORY LEWIS is subject to enhanced penalties as he previously has been convicted of a serious violent felony, as defined by Title 21, United States Code, Section 802(59), as set forth more specifically in paragraph twenty-four below.

24. On or about March 16, 2017, CORY LEWIS was convicted in the Superior Court of Connecticut of Robbery in the Second Degree, in violation of Connecticut General Statutes § 53a-135, an offense for which he served more than twelve months in prison and for which he was released from serving that term of imprisonment within 15 years of the commencement of the offense charged in Count One of this Indictment.

All in accordance with Title 21, United States Code, Sections 802(59), 841(b)(1)(B) and 851.

FORFEITURE ALLEGATION
(Controlled Substances Offenses)

25. Upon conviction of one or more of the controlled substances offenses alleged in Counts One, Three, Five, Six, Eleven and Fourteen of this Indictment, the defendants ANTONIO BAEZ, CORY LEWIS and ROGER MOODY, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any

manner or part, to commit, or to facilitate the commission of, those violations and a sum of money equal to the total amount of proceeds obtained as a result of the violations.

26. If any of the above-described forfeitable property, as a result of any act or omission of the defendants named in this Indictment: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or disposed with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code, Sections 853 and 881, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

FORFEITURE ALLEGATION
(Firearms Offenses)

27. Upon conviction of the firearms offenses alleged in Counts Eight, Ten, Thirteen and Sixteen of this Indictment, the defendants, CORY LEWIS and JAVON HUTLEY, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offense, including but not limited to:

a. a Mossberg, model Patriot, 30-06 caliber bolt action rifle bearing serial number #MPR0486896, and all associated ammunition;

b. a Ruger, model EC9s, 9mm caliber semi-automatic pistol bearing serial number

#461-22222, and all associated ammunition;

c. a Taurus, model PT 809, 9mm caliber semi-automatic firearm, bearing serial number #TGS03436, and all associated ammunition; and

d. a Smith & Wesson, model 19-6, caliber .357 magnum revolver, bearing serial number BFY3096, and all associated ammunition, seized on or about October 15, 2025, in Hartford, CT.

All in accordance with Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

FORFEITURE ALLEGATION
(Firearms Trafficking Offenses)

28. Upon conviction of the firearms trafficking offenses alleged in Counts Two, Four, Seven, Nine, Twelve and Fifteen of this Indictment, the defendants, ANTONIO BAEZ, CORY LEWIS and JAVON HUTLEY, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 924(d) and 934 and Title 28, United States Code, Section 2461(c), all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 18, United States Code, Section 933, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation, including but not limited to:

a. a Ruger, model P89, caliber 9 x 19mm, semi-automatic pistol bearing serial number 310-96153, and all associated ammunition;

b. a Mossberg, model Patriot, 30-06 caliber bolt action rifle bearing serial number

#MPR0486896, and all associated ammunition;

c. a Ruger, model EC9s, 9mm caliber semi-automatic pistol bearing serial number #461-22222, and all associated ammunition;

d. a Taurus, model PT 809, 9mm caliber semi-automatic firearm, bearing serial number #TGS03436, and all associated ammunition;

e. a Glock, model 17Gen5, 9mm caliber pistol, bearing serial number #BTNB646, and all associated ammunition;

f. an HS Product, model XD-9, 9mm caliber pistol, bearing serial number #XD949937, and all associated ammunition; and

g. a Taurus, model G3C, 9mm caliber pistol, bearing serial number #ACH171723, and all associated ammunition.

All in accordance with Title 18, United States Code, Sections 924(d) and 934; Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

_______________________________
FOREPERSON

UNITED STATES OF AMERICA

_______________________________
DAVID X. SULLIVAN
UNITED STATES ATTORNEY

_______________________________
GEOFFREY M. STONE
ASSISTANT UNITED STATES ATTORNEY